Opinion delivered June 14, 1875, by
Walker, J.
Wm. F. Baker, one of the above defendants, filed an affidavit setting forth that he is not now and never was a member of the firm of Wm. F. Baker & Co.; that he is not now and never was indebted to E. W. Orth, administratrix of Wm. C. Orth, nor to Wm. C. Orth during his lifetime; that he is not indebted to the plaintiff in any amount, nor for or on account of anything whatever. All of which he expects to be able to prove on the trial. Is this sufficient f
In Wayman v. Ochse, 3 Pittsburgh Rep. 162, cited by plaintiff, the affidavit was held insufficient under the rule of court, inasmuch as it alleged only .the opinion of the affiant. In Mellor v. Nagley et al., 1 Pittsburgh Rep. 110, the affidavit of one of the partners alleged that the note, upon which suit was brought, was given to the plaintiff after the partnership was dissolved. This was held insufficient. The court says : * “ the affidavit admits the partnership, and therefore the dissolution of it could not exonerate the firm from liability to a person who contracted with the firm without notice of its dissolution.” But if no partnership existed, no averment, as to knowledge of the plaintiff, is necessary.
The plaintiff contends that if Wm. F. Baker held himself out to the public as a partner, he would be stopped from denying his liability in a suit against the firm. Kirk v. Hartman & Co., 13 P. F. S. 97 ; Drennen et al. v. House et al., 5 Wright, 30.
*62 This, no doubt, would be so if the plaintiff gave credit to the firm on the faith of his acts. Irwin v. Bidwell, 22 P. F. S. 244-50. But this evidence, in my opinion, cannot be anticipated in an affidavit of defence. If on the trial the affiant can prove that he never was a member of the firm, he cannot be held liable for the debts of the firm, in the absence of evidence showing that he held himself out as a partner, and that the plaintiff dealt with the firm on the faith of his credit.
I therefore think the affidavit sufficient.
Buie discharged.